UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | |
| EDWIN OTERO et al., | * | Criminal Action No. 19-cr-10245-ADB |
| Defendants. | * | |

## MEMORANDUM AND ORDER ON MOTIONS TO SEVER AND MOTION TO DISMISS

BURROUGHS, D.J.

On March 11, 2020, a grand jury returned a superseding indictment against defendants Edwin Otero, Justin Joseph, Anthony Basilici, Vinicius Zangrande, Brooke Cotell, Ronny Baams, Tony Johnson, Joshua Johnson, Kimberly Lopes, Albert Lee, and Cameron Cartier. [ECF No. 124].  Currently pending before the Court are Mr. Basilici's and Mr. Cartier's motions to sever, [ECF No. 390 (Basilici); ECF No. 393 (Cartier)], and Mr. Basilici's motion to dismiss, [ECF No. 389].  For the reasons discussed below, all three motions are DENIED.

## I.      FACTUAL BACKGROUND

The charges in this case arise from a two-month long investigation into a drug trafficking organization, allegedly led by Mr. Otero, that operated in Cape Cod and southeastern Massachusetts from August 2018 to May 2019.  As part of the investigation, agents sought and received authorization to intercept communications from Mr. Otero's cellular telephones.  [ECF No. 3-1 ¶ 12].

On July 17, 2019, eleven defendants, including Mr. Basilici but not Mr. Cartier, were indicted on eight counts relating to a conspiracy to distribute heroin and a firearms offense (the "drug and gun counts"). [ECF No. 49]. Specifically, Count V charged Mr. Otero, Mr. Joseph, and Mr. Basilici with possessing a firearm in furtherance of a drug trafficking crime based on an incident on or around May 8, 2019, where those three defendants allegedly traveled to the home of one of Mr. Otero's customers, Krymeii Fray, and shot at him because of an unpaid drug debt. [ECF No. 3-1 ¶¶ 72–73; ECF No. 49 at 7]. Mr. Basilici and Mr. Otero's involvement in the shooting was allegedly evidenced in the communications intercepted by the government. [ECF No. 3-1 ¶¶ 80–81].

On March 11, 2020, the superseding indictment was returned, [ECF No. 124], which added two new defendants (Mr. Cartier and Mr. Lee) and three new counts, including conspiracy to commit kidnapping and witness intimidation (Counts IX, X, and XI, collectively the "kidnapping counts"). The kidnapping counts arose from an incident on April 10, 2019, where Mr. Basilici, Mr. Cartier, Mr. Otero, Mr. Joseph, and Mr. Lee allegedly kidnapped an individual, "Victim 1," stripped him naked, and assaulted him because Mr. Otero believed that he was cooperating with law enforcement and thereby jeopardizing Mr. Otero's drug trafficking operation.[1] [ECF No. 124 at 11–13; ECF No. 157-1]. The government alleges that Mr. Cartier, along with other co-defendants, beat and screamed at Victim 1 and called him a rat, and that Mr. Basilici retrieved a roll of duct tape for the purpose of restraining the victim and videotaped the beating.[2] The kidnapping took place less than a month before the Fray shooting. The

---

[1] Mr. Cartier argues that there was a different motive for the kidnapping and beating, but he does not elaborate on what that motive is. [ECF No. 393 at 5].

[2] Although a roll of duct tape is retrieved, the recording does not actually show the victim being restrained with the duct tape, as Mr. Basilici notes. [ECF No. 157-1; ECF No. 429 at 4].

government asserts that during this same time period, intercepted communications demonstrate that the drug trafficking enterprise continued to make sales and distribute heroin.  [ECF No. 3-1 ¶¶ 14–31].  The government further represents that the kidnapping counts were not charged in the original indictment because the video of the beating was not discovered until after Mr. Otero was arrested on May 20, 2019.  [ECF No. 414 at 3, 9].

On July 30, 2021, Mr. Cartier and Mr. Basilici filed their motions.  [ECF Nos. 389, 390, 393].  The government opposed the motions to sever on August 13, 2021, [ECF No. 414], and opposed Mr. Basilici's motion to dismiss on August 16, 2021, [ECF No. 416].  Mr. Basilici filed his reply in support of his motion to sever on September 8, 2021.  [ECF No. 429].

## II.      MOTIONS TO SEVER

Mr. Basilici moves to sever the kidnapping counts from the drug and gun counts charged in the original indictment.  He argues that the kidnapping counts are not properly joined because they are not of "the same or similar character" or "based on the same transaction or part of a common scheme or plan."  [ECF No. 390-1 at 4–5].  Mr. Basilici avers that the kidnapping counts involve offenses that are "fundamentally different" from drug distribution, a victim who is not alleged to be tied to the drug conspiracy, and different defendants (though there is some overlap).  [Id.].

Mr. Cartier similarly argues that the two kidnapping counts he is charged with, Counts IX and X,[3] should be severed from all other counts against the other defendants because there is no "meaningful connection" between the kidnapping conspiracy and the drug conspiracy.  [ECF No. 393 at 4].  According to Mr. Cartier, the kidnapping counts and the drug and gun counts took

---

[3] Mr. Cartier is not charged with Count XI–Obstructing Justice by Tampering with a Witness, Victim, or Informant by Physical Force or Threat; Aiding and Abetting (18 U.S.C. § 1512(a)(2)(C); 18 U.S.C. § 2).

place during different time periods, the motivation for the kidnapping was unrelated to any perceived cooperation with law enforcement, and the two conspiracies had different objectives and participants.  [Id. at 4–6].

A.      **Legal Standard**

Joinder of offenses is governed by Federal Rule of Criminal Procedure 8(a), which provides that

> [t]he indictment or information may charge a defendant in separate counts with 2 or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.

Fed. R. Crim. P. 8(a).  "Rule 8(a)'s joinder provision is generously construed in favor of joinder," United States v. Randazzo, 80 F.3d 623, 627 (1st Cir. 1996), and "obvious considerations of judicial economy support trying all related counts against the same defendant at one time," United States v. Alosa, 14 F.3d 693, 695 (1st Cir. 1994).  "The two sets of charges need not be identical, and '[the First Circuit] assess[es] similarity in terms of how the government saw its case at the time of the indictment.'"  United States v. Monteiro, 871 F.3d 99, 107 (1st Cir. 2017) (quoting United States v. Boulanger, 444 F.3 76, 87 (1st Cir. 2006)).  Factors that are relevant to the joinder analysis include: (1) whether the counts "charged involved similar victims, locations, or modes of operation"; (2) the time period in which the conduct occurred; and (3) "the extent of common evidence among the charged offenses."  Id. (internal quotation marks and citations omitted).

Joinder of defendants is governed by Federal Rule of Criminal Procedure 8(b), which states that an indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."  Fed. R. Crim. P. 8(b).  The "general rule" is that two

defendants indicted together should be tried together, in order "to prevent inconsistent verdicts and to conserve judicial and prosecutorial resources." United States v. Soto-Beniquez, 356 F.3d 1, 29 (1st Cir. 2003); see also Zafiro v. United States, 506 U.S. 534, 537 (1993). "The rule does not require that every count charge every defendant . . . ." United States v. Martínez, 994 F.3d 1, 12 (1st Cir. 2021). "What Rule 8(b) does require is some common activity that binds the indictees and that encompasses all the charged offenses." Id. (internal quotation marks omitted). As the First Circuit explained

> [a] conspiracy count can be a sufficient connecting link between co-defendants and separate substantive offenses to permit their joinder in a single indictment. Moreover, multiple conspiracy counts may themselves be part of the same series of acts or transactions, even if only because they are part of a larger uncharged scheme or plan.

Id. "Joinder is proper . . . even when the objecting defendant is only connected to one part of that scheme." United States v. Azor, 881 F.3d 1, 11 (1st Cir. 2017).

Even if joinder is proper under Rule 8, Federal Rule of Criminal Procedure 14(a) permits the Court to sever defendants' trials if a consolidated trial "appears to prejudice a defendant or the government." Fed. R. Crim. P. 14(a). Severance is proper "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro, 506 U.S. at 539. In particular, "severance may be appropriate when 'proof that [a] defendant is guilty of one offense may be used to convict him of a second offense, even though such proof would be inadmissible in a second trial for the second offense.'" United States v. Sabean, 885 F.3d 27, 43 (1st Cir. 2018) (quoting United States v. Richardson, 515 F.3d 74, 81 (1st Cir. 2008)).

The preference for a joint trial is "particularly strong" in the context of a conspiracy. United States v. Saunders, 553 F.3d 81, 85 (1st Cir. 2009); see United States v. Flores-Rivera, 56

F.3d 319, 325 (1st Cir. 1995) (noting that severance "will rarely, if ever, be required" in the context of conspiracy (quoting <u>United States v. Brandon</u>, 17 F.3d 409, 440 (1st Cir. 1994))). "Although the risk of prejudice is higher when many defendants are tried in a complex case[,] that risk can be overcome by proper jury instructions." <u>United States v. Gianelli</u>, 585 F. Supp. 2d 186, 194 (D. Mass. 2008) (citing <u>United States v. DeLeon</u>, 187 F.3d 60, 63 (1st Cir. 1999)).

    **B.**    **Discussion**

        1.    <u>Misjoinder under Rule 8</u>

Joinder of the kidnapping counts with the drug and gun counts is proper under Rule 8(a) because the counts all arise from a common scheme or plan. Under the government's theory of the case, the violent conduct charged in the kidnapping counts was done in furtherance of the drug trafficking conspiracy, and "[j]oinder is proper under the 'common scheme or plan' prong of 8(a) when 'one illegal activity provides the impetus for the other illegal activity.'" <u>United States v. Perry</u>, 37 F. Supp. 3d 546, 558 (D. Mass. 2014) (quoting <u>United States v. George</u>, No. 03-cv-10091, 2004 WL 746282, at *2 (D. Mass. Apr. 6, 2004)). According to the government, communications during and after the kidnapping indicate that Victim 1 was targeted and beaten because Mr. Otero believed that the victim was informing the police about the drug trafficking enterprise. The kidnapping was also used to send a message to others who may have tried to jeopardize the drug trafficking enterprise. In other words, the drug conspiracy provided the impetus for the kidnapping conspiracy. Further, when considered with the Fray shooting, which took place less than a month later, the kidnapping conspiracy is not charged as a random act of violence, but rather, in the government's view, demonstrates that violence was a mode of operation used by the drug trafficking organization to carry out its drug distribution activities. Although Mr. Cartier argues that the motivation for the kidnapping is unrelated to law

enforcement cooperation, he acknowledges that the video shows Victim 1 being called a "snitch," [ECF No. 393 at 3], which plausibly suggests perceived cooperation with law enforcement, and the Court assesses the similarity of the offenses based on "how the government [sees] its case at the time of the indictment." Monteiro, 871 F.3d at 107 (quoting Boulanger, 444 F.3 at 87).

For similar reasons, joinder of Mr. Cartier and Mr. Basilici with their co-defendants is also proper under Rule 8(b).[4] While "Rule 8(a) applies to the joinder of multiple alleged offenses by a singular defendant [and] Rule 8(b) applies to joinder of two or more defendants. . . . The two standards are 'nearly the same' and permit joinder (of offenses or defendants) 'when a transactional nexus exists between the offenses or defendants to be joined.'" United States v. Sidoo, 471 F. Supp. 3d 369, 379–80 (D. Mass. 2020) (first citing United States v. Rivera-Hernandez, 439 F. Supp. 3d 20, 27–28 (D.P.R. Feb. 20, 2020); then quoting United States v. Eufrasio, 935 F.2d 553, 570 n.20 (3d Cir. 1991)). As explained above, in this case, the drug conspiracy and the kidnapping conspiracy are factually intertwined and sufficiently related because the violent conduct was allegedly motivated by a desire to protect the drug trafficking enterprise. The conduct all took place in the same general area around Cape Cod and there is overlap between the members of the kidnapping and drug trafficking conspiracies. In sum, the kidnapping conspiracy was part of a series of transactions where the defendants, including Mr. Cartier and Mr. Basilici, sought to further the drug trafficking enterprise's operations.

---

[4] Although Mr. Cartier appears to argue that joinder is improper under Rule 8(b), he does not develop this argument in his motion and instead focuses on Rule 8(a). Mr. Basilici clarified in his reply that he does not seek severance from other defendants under Rule 8(b). [ECF No. 429 at 1].

2.      Severance Under Rule 14

Because the counts are properly joined under Rule 8, Mr. Cartier and Mr. Basilici must show sufficient prejudice to warrant severance under Rule 14.  They are unable to meet this burden.  Both defendants' allegations of prejudice are largely conclusory and ultimately insufficient.  Mr. Basilici argues that he will be prejudiced because the video of the beating is so difficult to watch that it will leave the jury unable to focus on the evidence related to the gun and drug charges, and that the jury will then convict him on those counts regardless of the evidence presented.  [ECF No. 390-1 at 4].  This argument, which is essentially a "[g]arden-variety argument[] of spillover—such as if the jury found defendant guilty of A, that alone would lead to the conclusion that he was guilty of B[,]" is insufficient to require severance.  United States v. Edgar, 82 F.3d 499, 505 (1st Cir. 1996) (citing United States v. Taylor, 54 F.3d 967, 973 (1st Cir. 1995)).  To the extent that there is a spillover risk, it is the risk inherent in every case where multiple charges are tried at once, and there is nothing to suggest that the risk here is extraordinarily high or that it cannot be ameliorated by appropriate limiting instructions to the jury.  See United States v. Baltas, 236 F.3d 27, 34 (1st Cir. 2001).  Although Mr. Basilici believes his chances for acquittal are higher if the kidnapping counts are tried separately, [ECF No. 390-1 at 6], "it is well settled that defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials."  Zafiro, 506 U.S. at 540.

For his part, Mr. Cartier contends that he will be prejudiced if the kidnapping counts are tried with the drug and gun counts because of the emotionally charged atmosphere surrounding heroin use and overdoses in the Cape Cod area.  [ECF No. 393 at 7].  He also argues that there is a risk that the jury may infer that he somehow benefited from the drug trafficking conspiracy.  [Id. at 9].  The government represents that it will not (and could not) introduce evidence relating

to the larger opioid epidemic in Massachusetts, [ECF No. 414 at 13], and Mr. Cartier has not

demonstrated, beyond conclusory assertions, that any risk that the jury will associate him with

drug trafficking conduct could not be alleviated by a limiting instruction.

Accordingly, both motions to sever are DENIED.

## III.     MOTION TO DISMISS

Mr. Basilici moves to dismiss Count XI of the superseding indictment, which charges

obstruction of justice by witness tampering and aiding and abetting, in violation of 18 U.S.C.

§ 2 and 18 U.S.C. § 1512(a)(C)(2).  [ECF No. 389].  He contends that Count XI lacks the

specificity required under the rules because it fails to identify the name of the victim that was

intimidated and fails to specify whether he is charged as a principal or as an aider/abettor.  [ECF

No. 389-1 at 1].

Federal Rule of Criminal Procedure 12(b)(3) allows a defendant to make a pretrial

motion challenging a defective indictment that fails to state an offense.  Fed. R. Crim. P.

12(b)(3).  "An indictment is legally sufficient if it first, contains the elements of the offense

charged and fairly informs a defendant of the charge against which he must defend, and, second,

enables him to plead an acquittal or conviction in bar of future prosecutions for the same

offense."  United States v. Laureano-Pérez, 797 F.3d 45, 60 (1st Cir. 2015) (citations and

quotation marks omitted); see also Fed. R. Crim. P. 7(c).  Although an indictment must contain a

"plain, concise and definite written statement of the essential facts constituting the offense

charged," and "should be specific enough to notify the defendant of the nature of the accusation

against him and to apprise the court of the facts alleged," United States v. Berk, 652 F.3d 132,

137–38 (1st Cir. 2011) (citations and quotation marks omitted), the government "need not put

forth specific evidence to survive a motion to dismiss."  United States v. Ngige, 780 F.3d 497,

502 (1st Cir. 2015) (citing United States v. Stewart, 744 F.3d 17, 21 (1st Cir. 2014)). "When a defendant seeks dismissal of an indictment, courts take the facts alleged in the indictment as true, mindful that 'the question is not whether the government has presented enough evidence to support the charge, but solely whether the allegations in the indictment are sufficient to apprise the defendant of the charged offense.'"  Id. (quoting United States v. Savarese, 686 F.3d 1, 7 (1st Cir. 2012)).

Count XI of the indictment charges Mr. Basilici with violating 18 U.S.C. §§ 2, 1512(a)(2)(C) by using the threat of physical force against "other persons known and unknown to the Grand Jury" in order to hinder those persons from communicating to law enforcement about the conspiracy to distribute heroin. [ECF No. 124 at 14]. The indictment states that this conduct took place between April 10, 2019 and at least April 25, 2019, in Hyannis, Massachusetts and Pawtucket, Rhode Island. [Id.]. Further, the government represents that it has disclosed to Mr. Basilici the witnesses that were potentially intimidated by the videotaped kidnapping. [ECF No. 416 at 8]. In particular, the government has disclosed "line sheets" that list the parties that Mr. Otero discussed the kidnapping with (and who, consequently, would have been targets of the intimidation). [Id.]. The government also represents that it will timely disclose the names of witnesses that will be called at trial to discuss being shown or sent the videotaped beating. [Id.]. This is sufficient to satisfy Rule 7's standard and to fairly inform Mr. Basilici of the charge against him.

Therefore, Mr. Basilici's motion to dismiss is DENIED.

## IV.    CONCLUSION

Accordingly, Mr. Basilici's motions to dismiss and to sever, [ECF Nos. 389, 390], and Mr. Cartier's motion to sever, [ECF No. 393], are DENIED.

**SO ORDERED.**

September 14, 2021

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT JUDGE